If it pleases the Court, my name is Patricia Berry, and I represent the appellants Felia and Cohn-Curtis. I'd like to focus on the issue that was sent out by the Court concerning whether or not we have a premature appeal, is the way I interpret it. Premature, untimely.  Meaning late. Yeah, or the untimeliness of the appeal. What had happened was that there was an order entered against Mr. Cameron in June of 06. It was on the tenth page of a ten-page opinion, granting a dismissal without prejudice simply for failure to pay the bond. Now, my conduct was very clear. I never considered that to be a final judgment. And what had happened in the initial appeal of this case five years ago was that the case got dismissed because I didn't have a final judgment against Mr. Cameron. So my clients kept telling me to file the appeal, and I said, okay, I'll go ahead and file the appeal. Now, what had happened was on April 3rd, the judgment date, excuse me, the ‑‑ if we were considering only the judgment entered in favor of Mr. Kassar, then the date of appeal or the notice of appeal should have been filed by April 11th. On April 3rd, not knowing I had incorrectly sought the judgment for Mr. Cameron, Mr. Shepard was not in the case, so I mailed him the proposed judgment with a proof of service. And I have that. I also have the April 3rd acknowledgment from the ECF e‑file desk that they had received my proposed judgments for Mr. Cameron. Because under my checklist of what I understand for appellate review for perfection of the appeal, rule 58, as Your Honor pointed out in that Abelman case, or the panel did, you have to have a separate piece of paper setting out the judgment, and that a dismissal without prejudice. Now, this was not on the complaint. This was not the final order. I mean, there is case law here in the Ninth Circuit that says if you have a final order, and it was clear that it was after the plaintiff was not going to be allowed to amend the complaint, that even though it wasn't reduced to a judgment, yes, then the appeal time begins to run. That wasn't the case here. The other problem is that I could not take an immediate appeal because I had Mr. Kassar in the case. So I didn't have what the federal court wants under the Federal Rules of Appellate Procedure, a final, final judgment that disposed of all causes of action against all defendants. In any event, so I applied for the judgment on April 3rd. And, of course, no action was taken because I didn't follow the procedure under e-filing, which is to attach the proposed judgment as an exhibit to either an ex parte application or a motion. Because in my head, I'm thinking rule 58, rule 79, and getting burned once and having the case dismissed because I did not have a final judgment for Mr. Cameron in the first appeal of Curtis v. Cameron. Okay. So no action was taken on April 3rd. I think I may have called the ECF desk for clarification. Somehow I learned that I have to attach the proposed judgment to some moving papers, like an ex parte or a motion. All right. So my clients are saying, well, just go ahead and file the appeal. So I did on April 14th. Then a few days later, I filed an ex parte. Let me make sure I'm with you at this point. Do I understand correctly that you acknowledge that the April 14 filing could not possibly be effective because it was either untimely based on a March 11 date or premature based on Cameron still being not subject to a judgment? Exactly. So we forget about April 14. And at this point, you have to hold on to the possibility that the case isn't, that we don't have a final judgment because of Cameron. Exactly. Is that the position you're taking? That's the position I'm taking. All right. So a few days later, I filed an ex parte application with Judge Schiavelli. Mr. Shepard can help you out. I don't think he filed an opposition, and yet the judge denied it. And I didn't understand his reasoning. He said he can't issue judgment because it did not consider the claim against him. Well, that's not the issue. The issue is, you know, what I understood to be the 5879 and what was reaffirmed in several opinions is that you've got to have a separate piece of paper called the judgment for it to be effective. So he denies it, and I'm just, I just don't know what to do. So I thought this is what I thought would be done because of my experience of being in the Ninth Circuit for many, many years and because of what happened in the first appeal. I thought, okay, a research attorney is going to look at this, issue me an OSC rate dismissal, and I can take it back to Judge Schiavelli and say, see, I have to have the final judgment. And it didn't happen. So I start doing some more research, and I can't figure out what the heck is going on. So then I learned about the rule for the 150 days, and I thought, well, the 150 days runs from the final order. Are they saying that somehow that saved me? And I couldn't figure out for the life of me. So then in my opening brief where it talks about does this court, it clearly had subject matter jurisdiction, but did it have jurisdiction in terms of the timeliness of the appeal? And I said, it is a premature appeal. I'll just get the judgment. I'm sorry, I'll file a petition for writ of mandamus. And I didn't do it, but I thought for sure that, see, what I was hoping for because of I was doing a triage, money, time, you know, the 10 hours that it would take for me to put together the petition and so on, I thought that for sure the opposing counsel would raise this issue. And I thought they didn't raise the issue. Or I thought maybe when the clerk started reviewing my opening brief, they would bring it to the attention of the magistrate judge or whoever would make this ruling and say ‑‑ But the counsel is at your position that as of today there is no final judgment on this case? Exactly. Now, what I was ‑‑ in fact, in July I sent an e-mail to Mr. Shepard and I said, you know, would you stipulate just to let me get this judgment in for Mr. Cameron? And he says, what are you talking about? You know, what's going on here? I have that e-mail interaction here if you want to see it. And I said, look, I've got to defend jurisdiction and I can't Because it's untimely from the judgment for Mr. Kassar, but I was unable, unsuccessful in getting that judgment from Judge Schiavelli for Mr. Cameron. And by no means can that ever, ever constitute a final judgment as I understand the rules and the case law interpreting the rules on Rule 58 and Rule 79. Well, I dropped the ball because I was involved in a heavily contested ‑‑ I don't want to get in. But anyway, I dropped the ball. So then, lo and behold, a month later we get notice to litigate this issue. And I was going to do an ex parte, again, asking whoever ‑‑ I understand Judge Schiavelli, I guess, is retired, but to go back to the court and say, could you just give me this one-page judgment? And so what I'm asking this panel, if I could get a nudge from this panel, I'll go home, do the ex parte, and say the panel agrees this is a premature appeal, but all the work has been done and the court just discovered this problem. You know, from my point of view, I don't ‑‑ it's a premature appeal. Now, what I guess I should have done was to take the time out and do a petition for writ of mandamus to compel whoever the district court judge was at that point assigned to the case. And I didn't. But I just, you know, I've been honest, I've been forthwith, I've tried to get the judgment on two occasions. The first time I was not correct. But the second time I don't understand the reasoning. His ruling is found at page one of volume one, Judge Schiavelli's. It does not seem to make any sense to me. I don't know what your feeling is on this. But I've tried to do everything short of the petition for writ of mandamus. What I always hoped for was sort of like a nudge from the Ninth Circuit, because I just didn't have credibility with the judges. These four judges hated this case, didn't like it, and I thought if I had a nudge from the Ninth Circuit saying, hey, wait a minute, the plaintiffs are entitled to a separate judgment in favor of Mr. Cameron, just like the first time when those attorneys who do the research on timeliness of an appeal or whether or not it's premature, the first go-around. And for that reason, here we are today. But as I say, if your honors have authority not to take this under decision, and I can come back, go back to the district court and say, look, this is the position of the panel, please give me the judgment, I'll submit it to the court and then you can rule on the merits. And I think that's it. Why don't we hear from the other side on this question. You've got five minutes left. Sure. Yeah. Good morning. Charles Shepard for James Cameron. I have not really anticipated saying very much today because 90 percent of the briefing has to do with issues involving Mr. Kassar after my client was out of the case. That said, because most of the argument presented by Ms. Berry addressed the Cameron component of this, I feel compelled to respond. What's your view as to whether or not we have an appeal properly before us? I think you absolutely do, Your Honor. And where's the final judgment? There is no final judgment per se, but it's not necessary that there be a final judgment for a couple of reasons. Number one, this Court has always taken a pragmatic view towards finality.  And if I might quote from the case of Sutton v. Earls, 26 F. 3rd, 903, footnote 1, appellate courts can exercise jurisdiction despite district court failure to enter a separate document of judgment. In this particular case, in our particular case, Mr. Cameron was dismissed as a defendant in this action way back in 2006 because of the failure of the plaintiffs to post a bond for security of costs, and Your Honors are obviously familiar with that. It is arguable that that order itself should have been appealed from in 2006, pursuant to the collateral order doctrine. It's a little gray, I would admit, but I could make an argument that it had to be appealed from at that time in 2006. But even if it was not appealable at that time, when the case proceeded without Mr. Cameron's involvement as to the sole remaining defendant, Mr. Kassar, and when the case finally ended as to Mr. Kassar, and so that all of the issues were resolved at that point in time, the judgment that was issued by the court was intended to be the final disposition of the entire case. There was nothing else. Well, what was the date of whatever it is that you contend constituted that final resolution? I think that's nondisputed, Your Honor. I believe it's March 11th, which was the date that the motion for reconsideration was denied by Judge Ciavelli. But candidly, I was out of the case at that point, wasn't even focusing on it. But from reading the briefs, that appears to have been the date. March 11th, I believe. I'd have to defer to Mr. Kassar's counsel unless I can. So your contention is that the right to appeal matured as of March 11th or 12th, 2008? That's correct. And that right to appeal, assuming that they didn't have to appeal as to Mr. Cameron back in 2006, that right to appeal would have encompassed the entirety of the case, including the decision against Mr. – in favor of Mr. Cameron back in 2006. And you concede for purposes of this case that the appeal that in fact was brought was timely as to that order? No, it was not timely as to that order. As to which order? Excuse me, Your Honor. March 11th or 12th of 2008. Well, that's when the 30 days began to run.  And that's when the 30 days began to run.    And that's when the 30 days began to run. In fact, the appeal was not filed until April 14th, as I understand. So it is your position that this Court does not have jurisdiction over the appeal? Because it was not timely filed, not because there's a lack of a final judgment. And I would submit respectfully, it's a little difficult to take seriously the argument by appellant that there's not really a final judgment, we really shouldn't be here. When she goes to the trouble of filing a brief, she is clearly assertive. The brief says, though. It says there is not a final judgment, as defendant appellee Cameron, which caused me to stop because it's unusual to see that in the appellant's brief, but it's here. No, no. She absolutely says that. I don't think that's – but if that were the case, then why did she go and file the appeal? I think it was not necessary for there to be a separate document entitled judgment in favor of James Cameron because it was quite clear from the determination by Judge Chiavelli when he finally dealt with the Mario Casar issues and finally decided the same thing that district court had decided back in the mid-1990s and this Court had affirmed in the early 2000s, that there's no substantial similarity between these two works. But it's quite clear that Judge Chiavelli thought this case is over. It's done. And as I would submit before, there is a pragmatic approach to finality which this Court adopts. The decision as to Mr. Cameron is encompassed within that final order and the appeal is untimely. If it's not, if you were to adopt what Ms. Berry is suggesting, then we're going to go through a kind of a silly exercise, it seems to me. There would be a one-page document, I guess issued by somebody, saying judgment is – hereby entered in favor of James Cameron based on the dismissal from 2006 and we're going to start the process all over again. We're going to have the same arguments, which we haven't discussed the merits at all, and at least as to my client, there's absolutely no way in the world that the defendant's discretion when he ordered a cost bond to be issued in favor of Mr. Cameron's favor. The only substantive issue as it relates to Mr. Cameron is did Judge Chiaverzi abuse his discretion when he acquired a cost bond to be filed. And since the standard is are you an out-of-state plaintiff, yes. Is there a reasonable possibility that the defendant's going to prevail? Absolutely, yes, because he already prevailed when the same issues had been brought  Are you going to split time? Yeah, that's – so I would submit that even if we – I got it. Got it. Okay, thank you. Good morning. May it please the Court. Vincent Chief on behalf of Mario Kassar. To answer Your Honor's question, I believe the appeal is three days late as to the summary judgment and the motion to reconsider, which I think is normally considered a Rule 59 motion to alter or amend. However, I believe there is a timely notice of appeal as to the award of full costs and attorney's fees under the Copyright Act. That's a separately appealable order, and I believe that they noticed the amended notice of appeal was within the 30 days of that order. So from my view, and embarrassingly not raising it in our brief, I believe the only matter that is before Your Honor would be the question as to the award of attorney's fees, which counsel has not had a chance to argue, and as you might imagine, we believe well within the Court's discretion to have awarded fees under the Copyright Act and in the amount of the fees, as well as the expert costs that were awarded. I don't know if you want to hear from counsel on the substantive issue of the attorney's fees. I've got no question on fees. All right. Al Smith, thank you, Your Honor. Thank you. Your Honor, if we turn to Volume I, page 14, which is the judgment in favor of Mr. Kassar, it's clear that it was only entered as to Defendant Kassar. And again, I'm just doing the checklist based on my training, my experience of what happened in the prior appeal, and returning once more to the Abelman case of which Judge Cook ---- There's no explanation for filing a notice of appeal on April 14, is there? I mean, that's simply late. It's either late or premature. So to the extent that it's premature, maybe everyone sent down the road on a mistaken impression that that notice of appeal was effective. But that notice of appeal could not have been effective as to anything, could it? That's correct, except perhaps ---- It's either late or it's early. Except perhaps with respect to, as Mr. Chief pointed out, later amending it to include the appeal from the order of attorney's fees. Because our case law is clear that attorney's fees and the Supreme Court's case law is clear. Attorney's fees wind up being treated separately if they're not in the same timeframe. Right. And so there is a notice of appeal filed. It was denominated, I think, amended notice of appeal, but an effective notice as to the attorney fee award. But there's nothing effective as to the document entered by the Court labeled judgment, with that time being extended by the motion for reconsideration and the entry of the denial of that motion. Well, exactly. And I did that at the urging of my clients, thinking no problem, because the Court has held that a premature appeal, as long as you satisfy it at some later point with getting your judgment. Here's my ---- Yes. I've got the following puzzle. If the notice of appeal is late, I don't have the puzzle. That is to say, notice of appeal is late, judgment of the district court stands, we've got a separate appeal that's timely with respect to attorney's fees. Correct. We address attorney's fees. I've got that part. But if the notice of appeal is premature, that is to say that we've not yet been able to hear an appeal as to the merits of the lawsuit, can we hear an award of attorney's fees that's promised upon the correctness of the judgment of the district court? Well, I didn't research the issue of can you bifurcate that part of the appeal that's based on amending the notice. In other words, the attorney's fees are lost. Well, my puzzle is, I mean, the award of attorney's fees is promised on your losing on the merits. And if an appeal on the merits is premature and we haven't heard it yet is an award. I'm sorry, Your Honor. Well, but there's another issue, because it's a discretionary standard, and whether or not attorney's fees should have been awarded in the first place given the, you know, the thoroughly impecunious circumstances of my clients and so on. Well, see, I don't think we can ever reach that issue. Judge Fletcher's proposition, which is the same as mine, is that if your premature theory is correct, well, attorney's fees may be treated separately as a lagger. But if we don't have a final judgment in the first place, we surely can't have an attorney fee award that is deemed final and reviewable by us. So we'll never get to the merits of that today. Whether we'll get to the merits of that at some point in the future depends upon the You may be correct. I'm not sure in terms of that reasoning, but what I'd like to address is why can't why couldn't you exercise your authority and say, okay, we agree that you need a final judgment. We will withhold What we would do is dismiss the appeal for want of jurisdiction, making note that if we reach this conclusion, the case has not been concluded in the district court. There's no final judgment. The alternative result, we're going to dismiss for want of jurisdiction because the notice of appeal was untimely. Right. Either way, it sounds like there's consensus in the room that we lack jurisdiction. They're just different perceptions as to why. Well, what I'm saying, and I haven't researched the area, but what I'm suggesting here is what I suggest, is that you withhold saying that this is now, as you say, at the end of every oral argument. Don't say that. And allow me to go back today, file my ex parte, ask the district court judge to enter the final judgment. That's not likely to happen. Either we have jurisdiction or we don't. If we don't have jurisdiction, then we can't hold the case in suspended animation. It would wind up going back to the district court. I'm not saying that the district court would have to act because it would have received the case back from us. Your Honor, I didn't copy this case, but I clearly remember reading a Ninth Circuit decision where they didn't, I thought, didn't hold it against the appellant when it was clear that they tried to get the final judgment. If there's not a final judgment, then we don't hold it against you. There's just nothing we can review. The district court has yet to finish the case. We can't pick it up until they're done. If it gets held against you, it's because we decide that the district court doesn't have something else to do and the notice of appeal was untimely. Those are the alternatives sitting in front of us by apparent consensus of the parties. The parties disagree as to which alternative is appropriate. Okay. Well, the only ‑‑ all right. I've got 29 seconds. You're in deficit. No, you're over. This is not the ordinary way in which I'd like to proceed, in which we do proceed. Let me ask. My guess is that Mr. Chief will have something to say. Why don't we let him say it, and then if you have a response, we'll let that happen as well. Your Honor, very briefly, and I appreciate it. There were numerous defendants in this case that fell out along the way and then were dismissed for various reasons. By the time I got into the case, there was only one defendant. The judgment dismisses the case and enters a judgment in favor of the only standing defendant in the room. There were no other parties in the case. I don't see how that can't be a final judgment that was entered. Cameron had been dismissed years previously, albeit without prejudice, but he was not a party to the case when the substance of my motion was granted. Counsel, I think the argument is that under Rule 58, where there are multiple parties or multiple claims, a decision as to some but less than all, it does not result in a final appealable judgment unless a particular application is made to the district court to enter a final judgment at that time. And as I understand it, that wasn't done as to Mr. Cameron. Well, Mr. Cameron was not a defendant in the case. He had long been dismissed. I'm talking about two or three years ago. No, he was dismissed. He was dismissed as a party to the case. Right. And he would have had the option under 58 to say, I want this dismissal to be a final judgment, so the other side has to appeal. But what the order was, Your Honor, a dismissal without prejudice because the failure of plaintiff's post to bond. I don't think that results in a judgment. The question is that there's nothing that needs to be done at that point. The question then becomes what happens when, under Rule 58, all of the claims and all the parties are resolved? Is it necessary that in any judgment addressing the person you refer to as the last man standing, is there a necessity to reflect back upon events that occurred earlier or do we just stop there and say that's the final judgment? Without research, Your Honor, let me say it's been my experience is that the judgment is entered as to the parties in the case at the time of the judgment. If there were still parties and I had got a grant of summary judgment and the case was dismissed against me, I don't think that would be final. But granting the summary judgment disposed of all claims against all parties in the case at that time. I don't think there was anything further for the district court to do than to enter its judgment. But my problem is, and this is all technicalities and this is all a royal pain in the neck and this is all a waste of time and a waste of money nonetheless. My problem is that the order entered by Judge Chiavelli on the 7th of February says plaintiff shall take nothing and the judgment is hereby entered for defendant singular on all claims of relief. It doesn't say defendants. But I think that was correct, Your Honor, because there was only one defendant. The case against Cameron. Suppose she had wanted to appeal the case against Cameron, the requirement for a cost bond. Although she hypothesizes she should have appealed or might have appealed earlier plainly, she could not have because we don't take piecemeal dismissals of a single defendant. And so the appropriate time to appeal the dismissal of anybody, including defendant Cameron, would have come at the end, after this judgment. This judgment happens to use defendant singular. The question is, should it be deemed to include everything that happened before or should it be concluded that the earlier dismissals did not require the entry of a judgment? It's this technical kind of stuff that gets us caught in the bog time. I understand, Your Honor. And it's part of our professions. It seems to me that where a defendant during the course of litigation is dismissed without prejudice, here because of the failure to post a bond, I actually believe that would have been, or the order requiring the bond as to Mr. Cameron was an appealable order at that time because it resulted, this solves the problem. It resulted. We're hearing these things over and over again. Okay. Thank you, Your Honor. I got it. In terms of over and over again, you want one minute to say things over and over again or are we finished? Well, Your Honor, I want to emphasize that when I took that appeal, I did it because my clients wanted me to, they were concerned, and I thought, well, let's get it going. All I need is a judgment. So I did the ex parte because I had done it incorrectly. And he didn't give it to me. And I was completely, what do I do now? And then I was hoping I'd get a helping hand for the Ninth Circuit. Okay. Thank you. I don't think you're going to tell us anything we haven't already heard twice. Thank you. Curtis versus Cameron submitted for decision. Thank you.
judges: Singleton, Fletcher W. , Clifton, Silverman, Bybee